# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50214
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2025

Lyle W. Cayce
Clerk

CHARLTON REED TIPTON,

*Plaintiff—Appellant*,

*versus*

PHONSO RAYFORD; CHRISTOPHER PAULEY, *Captain, Texas Department of Criminal Justice*; RUTH E. TRICE, *Captain of Correctional Officers*; LORRAINE SALAS, *Grievance Investigator II*; ALFRED HASSLER; ALBERT PERALEZ; MANUEL PUENTE; MANUEL OROZCO; OSBALDO PUENTE,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-493

————————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Charlton Reed Tipton, Texas prisoner # 01306505, moves for leave to proceed in forma pauperis ("IFP") in this appeal of the district court's

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

dismissal of his case upon granting the defendants' summary judgment motion. Tipton's motion challenges the district court's denial of his request to proceed IFP on appeal, in which the district court certified that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Tipton fails to address the district court's reasons for the dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Tipton has failed to meaningfully challenge any factual or legal aspect of the district court's disposition of his claims and dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Tipton is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).